**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION  II**

| | |
|---|---|
| STATE OF WASHINGTON, | No.  53927-6-II |
| Respondent, | |
| v. | |
| LEONARD CLINTON HAMILTON, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, C.J. — Leonard C. Hamilton appeals the trial court's denial of his motion to withdraw his guilty plea, but only argues that the trial court improperly imposed an interest accrual provision on nonrestitution legal financial obligations (LFOs) in his original judgment and sentence entered after he pled guilty.  The State concedes that the trial court improperly imposed an interest accrual provision on nonresitution LFOs.[1]

We accept the State's concession that the imposition of an interest accrual provision for nonrestitution LFOs was improper and remand to the trial court to strike the interest accrual provision for nonrestitution LFOs from Hamilton's judgment and sentence.

FACTS

On August 28, 2018, Leonard Hamilton pled guilty to one count of violation of a domestic violence no contact order under RCW 26.50.110(5).  On the same day, the trial court imposed a

---

[1] The State argues that Hamilton's appeal is untimely, but ultimately concedes that Hamilton is correct that the judgment and sentence improperly included outdated boilerplate language imposing interest on nonrestitution LFOs, and does not oppose remand to correct this error.

Drug Offender Sentencing Alternative sentence and ordered Hamilton to 30 months of confinement and 30 months on community custody. The trial court further ordered Hamilton to pay a $500 crime victim assessment fee and a $15 violation of a domestic violence protection order fee, neither of which were restitution fees. The judgment and sentence stated, "The financial obligations imposed in this judgment shall bear interest from the date of the judgment until payment in full, at the rate applicable to civil judgments. RCW 10.82.090." Clerks Papers at 21.

On December 13, 2018, Hamilton moved to withdraw his guilty plea under CrR 7.8(b), arguing that the trial court imposed a sentence based on a miscalculated offender score. On August 8, 2019, the trial court denied Hamilton's motion to withdraw his guilty plea. Hamilton filed a notice of appeal with this court on September 9, 2019.

## ANALYSIS

Hamilton argues that "the court must modify Leonard Hamilton's judgment and sentence to eliminate interest accrual on the non-restitution legal financial obligations." Br. of Appellant at 4. The State concedes that the provision in Hamilton's judgment and sentence that orders interest to accrue on all LFOs is in error. We agree.

RCW 10.82.090(1) states, "restitution imposed in a judgment shall bear interest from the date of judgment until payment, at the rate applicable to civil judgments. As of June 7, 2018, no interest shall accrue on nonrestitution legal financial obligations." We review the trial court's imposition of LFOs for an abuse of discretion. *State v. Ramirez*, 191 Wn.2d 732, 741-42, 426 P.3d 714 (2018).

Here, Hamilton's judgment and sentence was entered on August 28, 2018. Hamilton was ordered to pay a $500 crime victim assessment fee and a $15 violation of a domestic violence

protection order fee, both of which are nonrestitution LFOs.  Because the judgment and sentence

was entered after June 7, 2018, and Hamilton was ordered to pay interest accrual on nonrestitution

LFOs, the trial court erred.  RCW 10.82.090(1).  Therefore, we remand to the trial court to strike

the provision imposing interest on nonrestitution LFOs from Hamilton's judgment and sentence.

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040,

it is so ordered.

_____, C.J.
Lee, C.J.

We concur:

_____
Worswick, J.

_____
Veljacic, J.